## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IN THE MATTER OF MIKES HOOKS,    CIVIL ACTION NO. 6:20-0691
  LLC AS THE OWNER/OPERATOR
  THE DREDGEMIKE HOOKS    JUDGE JUNEAU

                                MAG. JUDGE WHITEHURST

### MEMORANDUM RULING AND ORDER

Before the undersigned, on referral from the district judge, is the Motion to Transfer [Doc. 9], filed by the claimant David Tyrone Lavan, seeking an intradistrict transfer of this matter to the Lake Charles Division of the Western District of Louisiana.  The motion is opposed by the plaintiff, Mike Hooks, LLC, as the owner/operator of the dredge Mike Hooks [Doc. 11].  Lavan has filed a reply brief [Doc. 17].  After a review of the record, the Motion to Transfer is GRANTED.

### BACKGROUND

Lavan alleges that on April 29, 2020, he was injured in an explosion on board the dredge vessel Mike Hooks (CG001928) while that vessel was conducting dredging operations near marker 114 on the Calcasieu River, in Calcasieu Parish, Louisiana.  The dredge vessel Mike Hooks is owned and operated by Mike Hooks, LLC, a Louisiana limited liability company domiciled at 409 Mike Hooks Road, Westlake, Louisiana.  Mr. Lavan lives in Oberlin, Louisiana.

1

After the explosion, the United States Coast Guard, a "Lake Charles Fire Investigator," "Dredge Supervisors" and the "company safety team" investigated the cause of the fire and explosion. Mike Hooks, LLC filed this limitation action pursuant to the Limitation of Liability Act as provided for in 46 U.S.C.A. §30501 on June 1, 2020.

In the instant motion, Lavan seeks to transfer this matter to the Lake Charles Division of this Court on grounds that virtually all of the witnesses and evidence that he will need to defend against this limitation action are located in the Lake Charles Division, as is his counsel.

## LAW AND ANALYSIS

### 1. Legal Standard

Under 28 U.S.C. §1404(a), "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). A defendant seeking a transfer of venue must demonstrate that the plaintiff could have originally brought the action in the transferee court. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I* ") ("In applying the provisions of §1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have

been filed."). After this initial showing has been made, the defendant must then demonstrate "good cause" why the case should be transferred. *See In re Volkswagen of Am., Inc*., 545 F.3d 304, 315 (5th Cir.2008) ("*Volkswagen II* "). In *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013), the Fifth Circuit stated that the §1404(a) analysis applies as much to transfers between divisions of the same district as to transfers from one district to another. A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Radmax*, 720 F.3d at 288, *citing Volkswagen II,* 545 F.3d at 315.

Venue is defined by Title 28 of the United States Code section 1391(b), which provides:

> "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 USC § 1391.

While this action was properly filed in the Western District of Louisiana, Local Rule 77.3W of the Uniform District Court Rules, which sets out the parishes contained within each Division of the Western District, mandates that an action be brought in the judicial division containing the parish in which the action arose. Local Rule 77.3W states that the judicial divisions in the Western District are designated for the purpose of "administration of the business of the court" and lists the parishes within each division. The purpose of Local Rule 77.3W is to promote the most efficient placement and advancement of the cases within the Western District.

Furthermore, it is undisputed that the instant matter originally could have been brought in federal court in Lake Charles. With the foregoing in mind, the undersigned will address the relevant Section 1404(a) factors.

**2. Analysis**

In *Green v. Louisiana Dep't of Pub. Safety & Corr.*, 2005 WL 8174077, at *2 (W.D. La. Aug. 4, 2005), the district court noted that because the transfer being requested in that matter was to another division of the same district in which the court sat, many of the concerns identified by the Fifth Circuit within the Section

4

1404(a) factors were simply not relevant to a court's consideration of a motion to transfer.  As the court stated:

> There are no known differences between this Court and the court in the Lake Charles Division with regard to administrative difficulties flowing from court congestion, familiarity with the law that will govern the case, the avoidance of unnecessary problems with conflicts of laws, the practical problems associated with trying cases, or the availability of compulsory process to secure the attendance of witnesses.

> The only factors identified by the Fifth Circuit which this Court must consider - relative ease of access to sources of proof, the cost of attendance for willing witnesses, and local interest in having localized controversies decided at home - all favor the transfer that the defendants have requested.

2005 WL 8174077 at *2.

This Court agrees with the court's reasoning in *Green*, and, therefore, the factors the undersigned will consider in connection with the instant motion are "the relative ease of access to sources of proof; "the cost of attendance for willing witnesses;" and "the local interest in having localized interests decided at home." The undersigned will also address "the availability of compulsory process to secure the attendance of witnesses," because the parties have specifically argued it.

Lavan argues that both the plaintiff and defendant are in the Lake Charles Division.  Mr. and Mrs. Lavan live in Oberlin, Louisiana, which is less than 44 miles from Lake Charles, but more than 71 miles from Lafayette, LA.  Mike Hooks, LLC is located in Westlake, LA, which is to the west of Lake Charles.  Lavan also argues that all but two of the fact witnesses who inspected the dredge Mike Hooks after the

5

explosion are minutes from the courthouse in Lake Charles, but over an hour from the courthouse in Lafayette.  Mike Hooks, LLC's Safety Training Officer, Leonel Silva, and Safety Director, Daniel Callier -- the two safety officers that investigated the explosion that injured Mr. Lavan -- are located 4.5 miles from the courthouse in Lake Charles and 77.6 miles from the courthouse in Lafayette.  Ensign Marcus J. Thompson of the United States Coast Guard Marine Safety Unit is 5 blocks (0.4 miles) from the courthouse in Lake Charles and will have to drive past the courthouse to get to the courthouse in Lafayette (74.9 miles).  Captain J.W. Twomey, U.S. Coast Guard Captain of Port, is 59.6 miles from the courthouse in Lake Charles and 132 miles from the Lafayette courthouse.  Kevin A. Hirschfield of H&H Claims Consultants, who also investigated the explosion, is in Houston, Texas, which is 159 miles from the courthouse in Lake Charles and 234 miles from the courthouse in Lafayette.

Mike Hooks argues that the matter should not be transferred, in part, because all of the claimant's medical providers, as well as all of his medical records, are located in Lafayette.  Mike Hooks also argues that the distances in travel for some of the witnesses and parties is not sufficiently substantial to warrant transfer.

Both of these arguments are unpersuasive.  In *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013), the defendant sought a writ of mandamus from the Fifth Circuit, seeking relief after the district court refused to transfer a case from one

division to another division within the same judicial district.  In granting mandamus and ordering the transfer, the Fifth Circuit explained:

> First, the court reasoned that "[a]lthough the events and parties are in the Tyler Division, the Tyler and Marshall Divisions have roughly equal access to sources of proof," because "there will not be any significant inconvenience to the parties if they had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division." Any such inconvenience may well be slight, but, as we clarified in *Volkswagen II,* the question is *relative* ease of access, not *absolute* ease of access. *Volkswagen II,* 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Thus, because "[a]ll of the documents and physical evidence" are located in the Tyler Division, this factor "weigh[s] in favor of transfer." *Id.*

*In re Radmax*, 720 F.3d at 288.

Here, as in *In re Radmax*, virtually all of the witnesses and documents affecting the limitation action are in the Lake Charles Division and the relative inconvenience weighs heavily in favor of transfer, regardless of whether that inconvenience could be said to be "unsubstantial" or not.   As the claimant argues, in some instances, witnesses will have to drive past the courthouse in Lake Charles to reach the courthouse in Lafayette.

Furthermore, the claimant asserts that the argument that all of his medical providers and records are located in Lafayette is, in fact, not correct.  Rather, the claimant argues that he treated with Our Lady of Lourdes Burn Center, located in Lafayette, and saw Dr. Henderson, also located in Lafayette, only once.  However,

his home health was administered in Oberlin, Louisiana, and he is currently treating with Dr. Steve Springer of Lake Charles, La., Access Healthcare of Lake Charles, and Dr. David Steiner of Leesville, Louisiana.  Moreover, the plaintiff clarifies that none of his medical providers will be witnesses at trial and all of his medical records are easily portable.

Finally, the claimant argues that the location of his medical providers is largely irrelevant to whether this Court or the district court in Lake Charles is more convenient to the witnesses in the limitation action, because, should limitation of liability be granted, the claimant will stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that he will not seek to enforce a greater damage award until the limitation action has been heard by the federal court. Once this stipulation is provided, the claimant may proceed in state court, where the evidence of his injuries will be heard.  Although Mike Hooks opposes the claimant's request to lift the stay in order to proceed with his claims in state court in Lake Charles, should the stay be lifted, this factor would militate in favor of transfer.

Thus, transferring this case to the Lake Charles Division will not only be more convenient for the majority of witnesses, it should also reduce the cost of attendance in court for the parties and witnesses and increase access to sources of proof, as the majority of events took place in the Lake Charles Division.  Equally important to

this Court is that fact that, as in *Green*, none of the events in this case are alleged to have occurred in the Lafayette-Opelousas Division.  The claims pled in this matter are serious, and the undersigned believes that the merits of those claims should be determined by a jury living in proximity to where the majority of those events occurred.

Finally, the undersigned notes that all of the fact witnesses in this case, except for Mr. Hirschfield, are within the subpoena of both courts.  Importantly, witness J.W. Twomey, the Captain of Port with the United States Coast Guard and a vital witness to whether the Hike Hooks, LLC was unseaworthy and a threat, is within the subpoena power of the Lake Charles court but not the Lafayette court.  This fact is not insignificant and weighs heavily in favor of transfer.

This Court is cognizant of the recent damage to the federal courthouse in Lake Charles due to Hurricane Laura.  The chances of any trial of this matter taking place in Lake Charles in the near future are minimal.  However, for purposes of the administration of this matter, the undersigned concludes that the case is more appropriately handled by Lake Charles judges, as the case should have been filed in Lake Charles in the first place.

Considering the foregoing, the Court finds that transfer to the Lake Charles Division is appropriate.

## CONCLUSION

Considering the foregoing, the Motion to Transfer [Doc. 9], filed by the claimant David Tyrone Lavan, is hereby GRANTED.

IT IS ORDERED that the instant matter be TRANSFERRED to the Lake Charles Division of the United States District Court for the Western District of Louisiana.

**THUS DONE AND SIGNED** this 7th day of December 2020 at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**