UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE: MIKE HOOKS LLC             CASE NO. 2:20-CV-00691

                                         JUDGE JAMES D. CAIN, JR.

                                         MAGISTRATE JUDGE KAY

**MEMORANDUM RULING**

Before the court are a Motion to Modify and Partially Lift Stay [doc. 20] and a Motion to Dismiss [doc. 21] filed by David Tyrone Lavan, who is a claimant in this limitation of liability action brought by Mike Hooks, LLC ("Hooks"). Hooks opposes both motions. Docs. 24, 25. The case and motions were originally pending in the Lafayette division, before Judge Michael J. Juneau and Magistrate Judge Carol B. Whitehurst, but have been transferred to the undersigned and to the Lake Charles division at Lavan's motion. Docs. 9, 32.

**I.**
**BACKGROUND**

This suit arises from injuries allegedly incurred by Lavan as a result of an explosion or fire that occurred on April 29, 2020, aboard the dredge vessel MIKE HOOKS in the Calcasieu River. *See* doc. 1. On June 1, 2020, Hooks – as owner of the vessel – filed a complaint in this court under the Limitation of Liability Act, 46 U.S.C. § 30505 *et seq*. Lavan, apparently the sole victim of the accident, filed an answer and admiralty claim and

Hooks filed a claim for declaratory judgment against Lavan's right to maintenance and cure benefits. Docs. 18, 19.

Lavan now moves to modify and partially lift the stay automatically imposed under this limitation action, so that he might file a suit against Hooks in state court under the Jones Act. Doc. 20. To this end he offers a stipulation that he alleges will preserve both parties' rights and interests in their respective forums. Doc. 20, att. 2. He also moves to dismiss the claim for declaratory judgment, arguing that the matter is more appropriately handled in state court. Doc. 21. Hooks opposes both motions. Docs. 24, 25.

## II.
## LAW & APPLICATION

### A. Motion to Lift Stay

When a vessel owner invokes the Limitation of Liability Act, the federal district court must stay all other proceedings against it and require claimants to timely assert their claims in the limitation court. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). This results in "a recurring and inherent conflict" between the federal court's exclusive jurisdiction over the limitation proceeding and the common law remedies embodied in the savings to suitors clause of 28 U.S.C. § 1333, which the injured party may pursue in state court. *Id.* In an attempt to resolve this conflict, federal courts have allowed state court claims to proceed outside the limitation action if (1) they total less than the value of the vessel or (2) the claimants stipulate that the federal courts have exclusive jurisdiction over the limitation proceeding and that they will not seek to enforce a greater damage award

until the limitation action has been heard. *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993).

Here Lavan has offered the following stipulations in support of his request to partially lift the stay:

> (1) that Hooks has the right to pursue its limitation action in this court;
>
> (2) that, while he intends to file a suit under the Jones Act in state court upon a lifting of the stay, he will not seek in that action a ruling or judgment on Hooks's right to a limitation of liability and consents to waive any issues of *res judicata* regarding Hooks's right to a limitation based on any state court ruling or judgment;
>
> (3) that he consents to waive any defenses of issue preclusion regarding Hooks's privity or knowledge based on any state court ruling or judgment;
>
> (4) that he will not seek to enforce any judgment against Hooks or recover in excess of the value of the limitation fund established by this court until after the adjudication of Hooks's limitation proceeding;
>
> (5) that he will not seek to enforce any judgment exposing Hooks to liability in excess of the value of the vessel and its freight then pending, whether by enforcement against Hooks itself or against any party entitled to indemnity or contribution from Hooks, until after the adjudication of Hooks's limitation proceeding;

>(6) that this court will have exclusive jurisdiction over the proper value of the limitation fund, though Lavan does not stipulate at this time to the value itself.

Doc. 20, att. 2. In response, Hooks maintains that the stipulation is inadequate because (1) the "in excess of" language in Sections 4 and 5 fails to adequately protect Hooks's right to limitation; (2) the stipulation does not allow Hooks the right to prioritize its claim to insurance proceeds; and (3) the motion is premature and does not protect Hooks from potential claims for contribution or indemnity from codefendants. Doc. 25. Lavan disputes the first and third grounds but offers a supplemental stipulation covering the second. Doc. 31; *see* doc. 31, att. 1.

On the first basis Hooks maintains that the stipulations are inadequate because Lavan is not foreclosed from seeking to enforce a judgment up to the amount of the limitation on fund while the limitation is still pending, circumventing the purpose of the exclusivity doctrine because Hooks might be exonerated from all liability under this proceeding. Doc. 25, pp. 2–3. As it notes, the Eastern District has rejected such stipulations and instead required the claimant to stipulate that he will not seek to enforce **any** judgment prior to the termination of the limitation proceeding. *See In the Matter of Complaint of T. Baker Smith & Son, Inc.*, 1998 WL 151435, at *3–*4 (E.D. La. Mar. 25, 1998) (collecting cases). Since that time, however, the Fifth Circuit has held that no exoneration stipulation is required to protect the vessel owner's rights under the Limitation Act so long as the claimant stipulates to exclusive federal jurisdiction over the limitation issues and waives any res judicata claims with regards to the state court's resolution of those issues. *In re*

-4-

*Tetra Applied Technologies LP*, 362 F.3d 338, 343 (5th Cir. 2004). Accordingly, this omission will not defeat the Motion to Lift Stay.

Hooks also complains that the stipulations are inadequate for only specifying that the claimant will not seek any excess judgment until "after the adjudication of [Hooks's] right to limitation in this Court," because they do not limit Lavan's right to collect such a judgment after the limitation case is concluded, including during the pendency of any appeal. Hooks notes that such language was found inadequate in *Matter of Complaint of Neches-Gulf Marine, Inc.*, 2002 WL 13214396 (E.D. Tex. Mar. 18, 2011). There, however, the court's concern was that the claimant could collect the full limitation amount from the vessel owner, "thereby following the spirit of the limitation of liability ruling," then seek to collect any excess amounts from a jointly and severally liable party who had offered no such stipulation and could seek contribution from the vessel owner. *Id.* at *2. In this matter, Lavan has stipulated to the court's jurisdiction over the limitation issue. This is adequate under Fifth Circuit precedent, as outlined above, and the court will presume that he will not act in violation of any suspensive appeal.

Finally, Hooks maintains that the motion is premature because the deadline for filing claims in the limitation action does not expire until December 15, 2020, and because Lavan has not stipulated that the state court suit will not include any other defendants. Accordingly, any lifting of the stay could expose Hooks to potential claims for indemnity or contribution from co-defendants. Since Hooks filed its response, however, the filing deadline has passed. Moreover, Lavan asserts that he has no knowledge of any potential

-5-

codefendants. Doc. 31. The court thus regards this argument as moot and will grant the motion, subject to Lavan's stipulations.

***B. Motion to Dismiss***

Under Rule 12(b)(6), Lavan moves for dismissal of Hooks's claim for declaratory judgment on his right to maintenance and cure. Doc. 21. He argues that the court should instead allow that matter to be resolved in the state court suit. Doc. 21, att. 1.

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), the district court has broad discretion to stay or dismiss a claim brought under the Declaratory Judgment Act "when a parallel suit not governed by federal law and presenting the same issues is pending in state court." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 373 (5th Cir. 2015).

To this end the court looks to factors outlined in *St. Paul Insurance Company v. Trejo*, 39 F.3d 585 (5th Cir. 1994), which include:

> (1) Whether there is pending state court litigation in which all matters in controversy may be fully litigated;
>
> (2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) Whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) Whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forum;
>
> (5) Whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) Whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court hearing the parallel pending state suit.

*Sherwin-Williams, Inc. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *Trejo*, 39 F.3d at 590–91). These factors balance the following concerns: (1) proper allocation of decision-making between the state and federal courts, (2) fairness, and (3) efficiency. *Trejo*, 39 F.3d at 390–91. A district court must address and balance the purposes of the Declaratory Judgment Act and the above factors on the record. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001).

Under the first factor, Lavan admits that he has not yet filed a parallel proceeding in state court but that he intends to do so upon the granting of the motion to lift stay. This

factor is an important one and "the lack of a pending parallel state proceeding . . . weighs strongly *against* dismissal." *New England Ins. Co. v. Barnett*, 2007 WL 3288880, at *4 (W.D. La. Nov. 6, 2007) (citing *Sherwin-Williams*, 343 F.3d at 394) (emphasis in original). However, the absence of such a proceeding does not require the federal court to retain the claim. *Offshore Lift Boats, LLC v. Bodden*, 2012 WL 2064496, at *2 (E.D. La. Jun. 7, 2012). Accordingly, this factor weighs against abstention but is not dispositive. Moreover, the court makes note of a "well-established practice" of dismissing preemptive declaratory judgment actions in maritime personal injury actions even when the injured party has not yet filed a state or federal court action, and analogizes it to Hooks's attempt to raise claims for declaratory relief in this limitation proceeding. *See Bodden*, 2012 WL 2064496, at *2. Because Lavan has been unable to file a parallel state court proceeding due to the stay, the court assigns little weight to this factor. The seventh factor, which likewise addresses the proper allocation of decision-making authority between the state and federal courts, is not implicated.

Factors 2, 3, and 4 concern whether the party bringing the declaratory claim "is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391–2. As the Fifth Circuit has noted, however, these labels cannot be applied literally. *Id.* Declaratory judgment suits are often "anticipatory" because they are "appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation" and because more than one forum may be proper, the plaintiff is entitled to make a selection. *Id.* The court requires more than the plaintiff's ability to "predict[] that there would be a related suit filed in state court" to

make his actions "an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute . . . ." *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 167 (5th Cir. 2015). Instead, courts look to factors that suggest "procedural fencing," such as filing the declaratory action before the other party is legally able to bring a state action due to some exhaustion requirement or using the federal court suit for the sole purpose of determining which state's law would apply. *Sherwin-Williams*, 343 F.3d at 397–99. Here the court can detect no procedural fencing. Hooks is entitled to bring its limitation proceeding in this court and its forum selection has no bearing on the choice of law applicable to Lavan's maintenance and cure claim. While Lavan alleges that he is being deprived of his right to a jury, Hooks notes that he has already invoked that right for all claims triable by jury in this limitation proceeding. Doc. 19, p. 10. Accordingly, these factors are neutral.

The fifth factor, concerning convenience of the federal forum, is likewise neutral. Lavan intends to bring his state court suit in Calcasieu Parish, where the Lake Charles division of this court also sits. The sixth factor, however, concerns judicial economy and favors rejection of the claim. Because the court has agreed to lift the stay, supra, claims relating to Lavan's right to maintenance and cure may be resolved in the state court proceeding soon to be filed along with other matters bearing on Lavan's right to relief under the Jones Act. Additionally, unlike cases where the court has retained declaratory claims for maintenance and cure,[1] this is not an instance where discovery in the federal suit

---

[1] *See Rowan Cos., Inc. v. Ainsworth*, 5 F.Supp.2d 420 (W.D. La. 1998); *Bisso Marine, LLC v. Wyble*, 2020 WL 730284 (W.D. La. Feb. 13, 2020).

outpaces the state court suit or where Lavan has unduly delayed in bringing his suit. Combined with the court's lifting of the stay on Lavan's state court remedies, the balance of factors favors dismissing the claim for declaratory relief this suit and allowing all matters relating to Lavan's right to maintenance and cure to be decided together in the state court proceedings.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Modify and Lift Stay [doc. 20] and Motion to Dismiss [doc. 21] will be granted. Hooks's claim for declaratory judgment [doc. 18] will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 17th day of February, 2021.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**