UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE: MIKE HOOKS L L C          CASE NO.  2:20-CV-00691

                                 JUDGE JAMES D. CAIN, JR.

                                 MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion to Enlarge Claims Period [doc. 57] filed by putative claimant Conrad Shipyard, LLC in this limitation proceeding. Limitation defendant David Tyrone Lavan, who is plaintiff in the related state court suit, does not oppose the motion and requests that the court vacate its prior order [doc. 38] lifting the stay in this matter. Doc. 61.

### I.
### BACKGROUND

This suit arises from injuries that David Lavan, an employee of Mike Hooks LLC ("MHL"), sustained during a fire on a dredge vessel owned by MHL on April 29, 2020. Doc. 1. MHL filed a complaint for exoneration from or limitation of liability in this court on June 1, 2020. *Id.* The court issued a monition order requiring that any claims in this matter be filed by December 15, 2020. Doc. 7. Lavan was the only claimant to appear within that time. Doc. 19. Pursuant to Rule F of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the court then issued a clerk's entry of default as to all unknown claimants in January 2021. Doc. 36.

The following month, the court granted Lavan's motion to (1) dismiss MHL's claim for declaratory judgment on his right to maintenance and cure and (2) partially lift the stay on his state court suit imposed by the limitation action, subject to certain stipulations. Doc. 37. Accordingly, Lavan filed suit against MHL in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Recently, MHL was granted leave to file a third-party demand against Conrad Shipyard, LLC ("Conrad"). Conrad was served with this pleading on March 18, 2024. Doc. 57, att. 2. MHL has also sought leave to file a third-party complaint and Rule 14(C) Tender against Conrad in this matter. Doc. 49. Conrad contends that, as a result of these newly-asserted claims, it has causes of action against MHL that must be set forth in a claim in limitation before it can pursue these in state court. Doc. 57. Accordingly, it requests that the court set aside the default against unknown claimants, enlarge the time under Rule F(4) for filing claims in response to MHL's complaint in limitation, and grant it leave to file its proposed Answer Claims in Limitation. *Id.* Lavan does not oppose the motion and has withdrawn his former opposition to MHL's Motion for Leave to File Third-Party Complaint and Rule 14(C) Tender. Doc. 61. He also requests that the court vacate its former ruling lifting the stay on state court proceedings and set the limitation action for trial. *Id*.

## II.
## LAW & APPLICATION

Under Supplemental Admiralty Rule F(4), the district court has discretion to allow a party to file a claim in a limitation proceeding after the monition date has passed. Supp. R. F(4); *Lloyds Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990). In exercising this discretion, the court should consider the following factors: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late. *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993) (citing *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362–63 (5th Cir. 1993)). "[R]elief from a tardy claim is not a matter of right" and "depends on an equitable showing." *Id.*

In this matter the limitation proceeding is still pending. There is no prejudice concern under the second factor, because Conrad's claims are derivative of Mr. Lavan's existing claims filed timely before the monition date and there has been no final determination of liability. *See In re Complaint of M/V President Kennedy, Ltd.*, 2000 WL 351425, at *3 (S.D.N.Y. Apr. 5, 2000) (such concerns were not implicated by a claim for indemnification or contribution in respect of cargo damage, for which a timely claim had already been filed in the limitations proceeding); *Crescent Towing & Salvage Co. v. M/V JALMA TOPIC*, 2021 WL 5919505, at *1 (E.D. La. Dec. 15, 2021) (no prejudice concern when liability had not yet been decided). Finally, Conrad appears blameless for the late filing—it was not served with MHL's third-party demand until March 2024, over three years after the monition date. Accordingly, Conrad has shown good cause under *Texas Gulf*

to set aside the default and enlarge the claims period for the sole purpose of allowing it to file its claim in limitation.

Conrad was not a party to the stipulations made by Lavan, which allowed the state court litigation to proceed. Lavan also represents that Conrad will not join in these stipulations. Doc. 61, att. 1. As Lavan agrees, the stay on prosecution of those claims must be reimposed in order to protect MHL's right to pursue limitation. *See* doc. 6. The court's prior ruling [docs. 37, 38] will therefore be vacated in that regard and a trial date will be set for the limitation action in this court. The portion of the ruling addressing Lavan's motion to dismiss remains in place.

### III.
#### CONCLUSION

For the reasons stated above, the court **ORDERS** that the Motion for Leave to File Third-Party Complaint and Rule 14(C) Tender [doc. 49]; Motion to Enlarge Claims Period Pursuant to Rule F(4), Set Aside Default, and for Leave to File Claim in Limitation [doc. 57]; and Unopposed Motion to Withdraw Opposition, Motion to Vacate Order, and Motion to Place Limitation Action on Trial Docket [doc. 61] be **GRANTED**. Accordingly, the default is **VACATED** solely as to putative claimant Conrad Shipyard, LLC and the clerk is requested to docket both the proposed Third-Party Complaint and Rule 14(C) Tender [doc. 49, att. 2] and Claim in Limitation [doc. 57, att. 3].

**IT IS FURTHER ORDERED** that the court's prior ruling [docs. 37, 38] is **VACATED** as to the modification and lifting of the stay and that the stay issued against state court proceedings [doc. 6] is **REIMPOSED.** Finally, this matter is hereby

**REFERRED** to the Magistrate Judge for a scheduling conference to set the limitation action for trial.

**THUS DONE AND SIGNED** in Chambers on the 30th day of April, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE