UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE: MIKE HOOKS L L C  :  CASE NO.  2:20-CV-00691

:  JUDGE JAMES D. CAIN, JR.

:  MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion for Separate Trials [doc. 86] filed by claimant David Lavan, which is opposed by limitation plaintiff Mike Hooks LLC ("MHL") but not by claimant Conrad Shipyard LLC ("Conrad"). Docs. 91, 98.

## I.
### BACKGROUND

This suit arises from injuries allegedly suffered by Lavan on April 29, 2020, during a flash fire in his cabin on the dredge vessel MIKE HOOKS. Doc. 1, ¶ 5. MHL, owner of the MIKE HOOKS, filed a Complaint for Exoneration from or Limitation of Liability in this court on June 1, 2020, seeking to limit its liability arising out of the incident pursuant to 46 U.S.C. § 30501 *et seq.* Doc. 1. Both Lavan and Conrad have appeared as claimants. Docs. 18, 65. The matter is set for a bench trial before the undersigned on September 2, 2025. Doc. 79.

Lavan requests that the court bifurcate the matter, reserving valuation of the vessel and its pending freight for a second trial after "the amount of just claims" and MHL's entitlement to exoneration or limitation are decided at the first proceeding. Doc. 86. He

maintains that valuation of the MIKE HOOKS and its freight is a complex matter, which must include the value of the vessel as part of a flotilla and the value of the contract in which it was then engaged. He also asserts that MHL has "resisted disclosing details of the work it was doing and the terms of the contract it was under" at the time of the explosion. Doc. 99, p. 2. MHL opposes the motion, arguing that bifurcation will lead to prolonged and piecemeal litigation. Doc. 98.

## II.
## LAW & APPLICATION

Lavan requests that the court conduct one trial to decide liability, privity or knowledge, and the quantum of all claims, and then a second to determine the valuation of the vessel. Bifurcation is permissible under the Federal Rules of Civil Procedure "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision whether to bifurcate a trial lies within the sole discretion of the trial court. *Matter of Jack'd Up Charters LLC*, 681 F.Supp.3d 560, 564 (E.D. La. 2023) (citing *First Tex. Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 (5th Cir. 1992)). "Bifurcation is appropriate when the separation of issues will 'achieve the purposes' of Rule 42(b), but separate trials should be the exception rather than the rule." *Southern Oil of La., LLC v. Alliance Offshore, LLC*, 2023 WL 3119919, at *2 (E.D. La. Apr. 27, 2023) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed.)). Separate trials, however, "should be the exception, not the rule" and courts should generally only bifurcate a matter when the issue to be tried separately is "so distinct and separable from the others that a trial of it alone may be had without injustice." *Ingram Barge Co.*

*LLC v. Caillou Island Towing Co. Inc.*, 2022 WL 952257, at *2 (E.D. La. Mar. 30, 2022) (quoting *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp.3d 113, 114–15 (E.D. La. 1992)). "In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate." *Id.*

Courts have routinely bifurcated issues of exoneration and limitation from damages. *See In re Hedron Holdings, LLC*, 2025 WL 605189, at *3 (E.D. La. Feb. 25, 2025) (collecting cases). There is no caselaw, however, supporting bifurcation along the lines suggested by Lavan. The parties dispute how complex valuation will be. But because this is a bench trial, there is no danger of exhausting or confusing a jury. To the extent that Lavan claims MHL has not been forthcoming with discovery on the valuation, there is still enough time to seek relief. Finally, neither judicial economy nor efficiency will be served by trying the valuation last. All parties will incur additional expenses through the duplicative work necessitated by separate proceedings and deadlines. Meanwhile, reserving a determination on valuation until after a trial on all other issues will diminish the likelihood of settlement. With the fifth anniversary of the accident approaching, all parties should put their efforts into resolving their issues and preparing for trial if they cannot.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion for Separate Trials [doc. 86] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 11th day of March, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE